## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **RODRICK D BATISTE** | **CASE NO. 6:23-CV-00858** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CITY OF RAYNE** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the City of Rayne's Motion to Dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 11). Plaintiff, proceeding *pro se*, opposed the motion (Rec. Doc. 24). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the City's motion be granted and that Plaintiff's claims dismissed.

### Facts and Procedural History

Plaintiff, who is proceeding *pro se*, filed this suit against his employer, the City of Rayne, for employment discrimination. He alleges that in September 2021, a city employee made a racial slur to another city employee. Plaintiff alleges that he overheard the comment and was offended. (Rec. Doc. 1).

According to the City's workplace investigation report, attached to the complaint, Plaintiff stated in an interview on the date of the incident that he overheard two employees discussing a sports bet. According to Plaintiff's interview, the employees were joking about one of them going to the other's house to collect on the bet, to which the other responded, "You will be one dead n****r." Plaintiff acknowledged that the two employees were only talking to each other, but Plaintiff was offended and confronted the employee who made the derogatory comment. That employee apologized. (Rec. Doc. 1-2, p. 7).

In Plaintiff's October 1, 2021 written statement, also attached to the complaint, he stated that he felt he was being retaliated against for his complaint. He stated that on September 30, 2021, he spoke with a superintendent of some workers walking by regarding the incident, and that the next day "the boss" asked him to help a warehouse manager, to which Plaintiff responded that was not his job. Plaintiff classified the ensuing exchange of words as discrimination. (Rec. Doc. 1-2, p. 10).

Plaintiff filed an EEOC charge (Rec. Doc. 22); however, on April 20, 2023, the EEOC issued a right to sue letter advising that it had terminated its processing of the charge (Rec. Doc. 1-2, p. 1).[1] Plaintiff filed this suit in June 2023. The City

---

[1] Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205

2

moves to dismiss Plaintiff's discrimination/harassment claim on the grounds that he failed to meet the threshold for racial harassment under Title VII.

## Law and Analysis

### I.    Rule 12(b)(6) Standard

The defendant may challenge the complaint for failing to state a claim by filing a motion to dismiss under F.R.C.P. Rule 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief

---

(5th Cir. 2007). Thus, the Court has considered the EEOC documents as either attached to the complaint and/or as referenced in the complaint and central to Plaintiff's claims.

above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. Whether Plaintiff has stated a claim under Title VII.

The Fifth Circuit provided the following analysis applicable to racial harassment claims under Title VII:

> A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment. In order to establish a hostile working environment claim, Ramsey must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (cleaned up).

The City argues Plaintiff's claims do not meet the "severe or pervasive" standard.

> Harassment is sufficiently "severe or pervasive enough" to create a hostile work environment when it is "objectively hostile or abusive"—meaning "an environment that a reasonable person would find hostile or abusive"—and is subjectively perceived by the victim as abusive. The Supreme Court has emphasized that the objective severity of harassment should be judged from the perspective of a reasonable

4

person in the plaintiff's position. The objective inquiry, moreover, requires that the court consider all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. No single factor is required.

*Johnson v. PRIDE Indus., Inc.,* 7 F.4th 392, 400 (5th Cir. 2021) (cleaned up).

The City argues that the alleged single racial slur among other employees does not meet the "severe and pervasive" standard. The Supreme Court long ago established that the Title VII standard filters out "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283–84, 141 L. Ed. 2d 662 (1998), quoting B. Lindemann & D. Kadue, Sexual Harassment in Employment Law 175 (1992). The "conduct must be extreme." *Id*. Although the Fifth Circuit has said that "a single instance of a racial epithet does not, in itself, support a claim of hostile work environment," … "under the totality of the circumstances test, a single incident of harassment, if sufficiently severe, can give rise to a viable Title VII claim." *Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022) (cleaned up).

The City relies upon several cases which have found that a single utterance of a racial slur is insufficient (see Rec. Doc. 21-1, p. 5, citing cases); however, the City's cited jurisprudence pre-dates *Woods,* and, indeed, the City does not cite *Woods* at all. The *Woods* court held that one instance of a supervisor calling the

5

plaintiff employee a racial epithet in the presence of co-workers was sufficiently severe to constitute harassment. *Id*. The Court considered the supervisor's use of the "N-word" in both a historical context and the contexts of the case: "[p]erhaps no single act can more quickly 'alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as [the N-word] by a supervisor in the presence of his subordinates." *Id*. at 285, citing *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993). Further, "[t]he N-word has been further described as 'a term that sums up ... all the bitter years of insult and struggle in America, [a] pure anathema to African-Americans, [and] probably the most offensive word in English." *Id*. citing *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (per curiam) (Kavanaugh, J., concurring).

While applauding the Fifth Circuit's recognition that certain language, even if uttered only once, could be sufficiently severe, this Court does not interpret *Woods* to suggest that *any* use of "the N-word" will *ipso facto* create a hostile work environment. Rather, *Woods* stands to emphasize that the use of a sufficiently derogatory term is a significant (but non-determinative) consideration and that claims for hostile work environment require a more meaningful analysis of the objective inquiry. The Court must consider the factual context and whether a reasonable employee would consider the circumstances abusive or harassing.

6

Considering the totality of the circumstances, the Court agrees with the City that Plaintiff's allegations, assumed to be true, do not rise to the level of harassment which Title VII protects, even under *Woods*. The facts as alleged and as presented by Plaintiff's documents do not show that Plaintiff was himself the target of a racial epithet. Plaintiff merely overheard the two individuals (at least one of whom is African American[2]) joking among themselves. The Court finds that, under an objective inquiry, a reasonable person would not find the situation abusive or harassing. Contrast *Woods*: "The incident Woods has pleaded—that his supervisor directly called him a 'Lazy Monkey A__ N___' in front of his fellow employees— states an actionable claim of hostile work environment." *Woods*, F.4th at 285. Compare *Hill v. Brown*, No. CV 3:21-02516, 2022 WL 3094329, at *10 (W.D. La. July 19, 2022), *report and recommendation adopted,* No. CV 3:21-02516, 2022 WL 3093861 (W.D. La. Aug. 3, 2022) (finding a supervisor's indifference to the use of racial slurs in training videos insufficient, alone, to qualify as "severe" under *Woods*; although, other additional facts, not alleged in the instant case, were sufficient).

Having found that Plaintiff has not stated a claim for hostile work environment, the Court likewise finds that Plaintiff has not stated a claim for retaliation. In order to prevail on a retaliation claim, Plaintiff must establish a *prima*

---

[2] See Rec. Doc. 1-2, p. 2, fn. 1; Rec. Doc. 22.

*facie* case that he engaged in a protected activity, which is opposition to any practice rendered unlawful by Title VII. *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003). Having found that the conduct about which Plaintiff complained was not protected by Title VII, the Court finds that Plaintiff cannot establish a *prima facie* case of retaliation.

### III. Whether Plaintiff should have the opportunity to amend.

"District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court in its discretion may disallow amendment if the amendment would be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "[A] district court is not obligated to grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Hernandez v. W. Texas Treasures Est. Sales, L.L.C.,* 79 F.4th 464, 468 (5th Cir. 2023), quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Plaintiff's allegations, together with the documents attached to his complaint and the EEOC documents, present a complete picture of the conduct about which he complains. Thus, the Court finds that Plaintiff has already pleaded his best case and that amendment would be futile. Accordingly, the Court recommends that Plaintiff's claims be dismissed with prejudice and without opportunity for amendment.

## Conclusion

For the reasons discussed herein, the Court recommends that the City of Rayne's Motion to Dismiss (Rec. Doc. 21) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 27th day of June, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE